IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 2047 |
| | ) | |
| SUSAN GRIFFIN, et al., | ) | |
| | ) | |
| Defendants. | ) | Hon. Harold A. Baker |

**PLAINTIFF'S MOTION FOR LEAVE TO REOPEN THE CASE AND TO
ORDER PAYMENT PURSUANT TO SETTLEMENT AGREEMENT**

Plaintiff, Christopher Vaughn, through his attorneys, respectfully asks the Court to reopen this case and issue an order directing the Illinois Department of Corrections (IDOC) to remit payment on behalf of Defendants Susan Griffin, Mary Johnson Klein, and Victor Calloway, as Special Representative for Mary Miller (the IDOC Defendants), in accordance with the terms of the Settlement Agreement, within thirty days. In support of his motion, Plaintiff states as follows:

1. On November 2, 2017, Plaintiff and the IDOC Defendants reached an oral agreement to settle this case in exchange for $110,000.00. Dkt. 237; Nov. 3, 2017 Text Order. This Court expressly found that this agreement was enforceable. Dkt. 243.

2. While working to reduce that agreement to writing, the parties disagreed whether the IDOC Defendants could demand confidentiality without having bargained for it. In March 2018, Plaintiff moved to enforce the oral agreement, and asked the Court to direct the IDOC Defendants to sign the written Settlement Agreement omitting a confidentiality provision. Dkt. 237. The Court

granted Plaintiff's motion on June 22, 2018. Dkt. 243.

3. Despite the Court's Order, the IDOC Defendants still have not signed the Settlement Agreement.[1] On August 29, Plaintiff's counsel contacted counsel for the IDOC Defendants to inquire about the status of the signed Settlement Agreement, as well as the payment owed. Plaintiff's counsel was told, without explanation, that the settlement was being processed. On September 4, Plaintiff's counsel also contacted the Office of the Illinois Comptroller, who reported that no request for payment to Plaintiff had yet been submitted.

4. Because the Settlement Agreement expressly provided for the Court to retain jurisdiction to enforce the settlement, this Court has jurisdiction to enforce the settlement. Ex. A at 4; *Dupuy v. McEwen*, 495 F.3d 807, 810 (7th Cir. 2007); *see also Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995) (district courts have "the inherent or equitable power summarily to enforce an agreement to settle a case pending before it").

5. As this Court found previously, the parties' settlement is enforceable. *See* Dkt. 243 at 3; *People ex rel. Skinner v. Caudill Rowlett Scott*, 1527 N.E.2d 146, 151 (Ill. App. Ct. 1988) ("A settlement agreement is binding so long as there is clearly an offer to compromise and an acceptance, and there is a meeting of the minds as to the terms of the agreement.").

6. "Federal courts enforce settlement agreements by reference to state contract law." *Voso v. Ewton*, 2017 WL 365610, at *2-3 (N.D. Ill. Jan. 25, 2017)

---

[1] Plaintiff signed the agreement on July 5, and Plaintiff's counsel signed the agreement on July 11. Ex. A (Settlement Agreement).

(citing *Beverly v. Abbott Labs.*, 817 F.3d 328, 333 (7th Cir. 2016)). Where, as here, the agreement did not specify a time for payment, "a reasonable time will be implied" under Illinois law. *Rose v. Mavrakis*, 799 N.E.2d 469, 475 (Ill. App. Ct. 2003); *see also In re Marriage of Tabassum & Younis*, 881 N.E.2d 396, 408 (Ill. App. Ct. 2007) ("amount of time that constitutes a reasonable amount of time is a question of fact").

7. Illinois law requires most defendants in personal injury actions to pay settlements within thirty days of a signed settlement agreement. *See* 735 ILCS 5/2-2301(d). Although the Illinois law requiring payment of settlements within thirty days of signed settlement agreements does not apply to actions against State employees, it still provides evidence of what a reasonable time for payment is in a personal injury case such as this one.

8. Even if the Court finds a slightly longer period to be appropriate, that time has long since passed. The parties reached an enforceable agreement more than 10 months ago, and the time for performance is long overdue.

9. Given the substantial delay in payment and the fact that Plaintiff has been unable to get a firm estimate for payment on his own, Plaintiff respectfully requests that the Court order the IDOC to pay Plaintiff $110,000.00—the amount owed under the Settlement Agreement—within thirty days.

WHEREFORE, Plaintiff respectfully requests that the Court grant his motion and direct that the IDOC Defendants pay the amount owed under the Settlement Agreement within thirty days.

                                                  Respectfully submitted,
                                                  /s/ Sarah Grady
                                                  Sarah Grady
                                                  Attorney for Plaintiff

Jon Loevy
Scott Rauscher
Sarah Grady
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, Illinois 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

    I, Sarah Grady, an attorney, certify that on September 4, 2018, I caused the foregoing Plaintiffs' Motion for Leave to Reopen the Case and to Order Payment Pursuant to Settlement Agreement to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

                                        /s/ Sarah Grady
                                        Sarah Grady
                                        Attorney for Plaintiff